1  Jack P. Burden, Esq.
   Nevada State Bar No. 6918
2  Jacquelyn Franco, Esq.
   Nevada Bar No. 13484
3  **BACKUS | BURDEN**
   3050 South Durango Drive
4  Las Vegas, NV 89117
5  (702) 872-5555
   (702) 872-5545
6  jburden@backuslaw.com
   jacquelynfranco@backuslaw.com
7  Attorneys for Defendant,
   *Albertson's LLC*
8

9              **UNITED STATES DISTRICT COURT**

10                  **DISTRICT OF NEVADA**

11 | ANNA MARIE AMPEY,                          ) Case No.    2:24-cv-02055-GMN-BNW
                                                )
12 |                                            )
   |              Plaintiff,                    )
13 |   vs.                                      ) **PROPOSED STIPULATED DISCOVERY**
   |                                            ) **PLAN AND SCHEDULING ORDER**
14 | ALBERTSON'S LLC, a foreign                 )
   | Corporation d/b/a; Albertson's DOES 1      ) **SPECIAL SCHEDULING REVIEW**
15 | through X; and ROE CORPORATIONS            )           **REQUESTED**
   | I through X, inclusive,                    )
16 |                                            )
                                                )
17 |              Defendants.                   )

18 The parties submit the following Stipulated Discovery Plan and Scheduling Order pursuant to LR

19 26-1(b) and Fed. R. Civ. P. 26(f). Deadlines that fall on a Saturday, Sunday, or legal holiday have

20 been scheduled for the next judicial day.

21
   1. F.R.C.P. 26(f) Meeting: Pursuant to F.R.C.P. 26(f), counsel for the parties conferred by
22
      telephone to develop a proposed discovery plan on Monday, November 25, 2024. The
23
      conference was held by John Funk, Esq. of MOSS BERG INJURY LAWYERS on behalf of
24
      Plaintiff ANNA MARIE AMPEY, and Jack P. Burden, Esq. of BACKUS | BURDEN on
25
      behalf of Defendant ALBERTSON'S LLC.
26
27 2. Pre-Discovery Disclosures: Pursuant to F.R.C.P. 26(a)(1), the parties will make their pre-
28
      discovery disclosures, including any and all information required by F.R.C.P. 26(a)(1) on

or before Monday, December 9, 2024.

3. <u>Areas of Discovery</u>: The parties agree that the areas of discovery should include, but not be limited to, all claims and defenses allowed pursuant to the Federal Rules of Civil Procedures.

4. <u>Discovery Plan</u>: The parties propose the following discovery plan:

   a. **Discovery Cut-Off Date [LR 26-1(b)(1)]:** The Defendants filed for removal on November 4, 2024. Pursuant to the upcoming holidays and anticipated scheduling conflicts for both parties relating to plaintiff and percipient witness depositions as well as the high number of Plaintiff's medical providers, the parties propose extending the last day of discovery to July 2, 2025, which is calculated as **240 days** from the first appearance in Federal Court.

   b. **Amendment of Pleadings and Adding of Parties [LR 26-1(b)(2)]:** The parties shall have until April 3, 2025, to file any motion to amend the pleadings or to add parties. This is 90 days before the proposed discovery cutoff date.

   c. **F.R.C.P. 26(a)(2) Disclosures (Experts) [LR 26-1(b)(3)]:** Disclosure of experts shall proceed according to F.R.C.P. 26(a)(2) except that, pursuant to LR 26-1(b)(3): the initial disclosure of experts and expert reports shall occur on May 5, 2025[1], 58 days before the proposed discovery cutoff date; and the disclosure of rebuttal experts shall occur on June 4, 2025, which is 30 days after the initial disclosure of experts.

   d. **Dispositive Motions [LR 26-1(b)(4)]:** The parties shall have until August 1, 2025 to file dispositive motions, which is 30 days after the proposed discovery cutoff date.

   e. **Pre-Trial Order [LR 26-1(b)(5)]:** The joint pre-trial order shall be filed by

---

[1] The original deadline would fall on Saturday, May 3, 2025; we are extending the date to fall on the next judicial date on the following Monday.

2

September 2, 2025, 32 days after the date set for filing dispositive motions[2]. If a dispositive motion is timely filed, this deadline is suspended until 30 days after decision of the dispositive motion or further order of the Court.

    f. **Rule 26(a)(3) Disclosures [LR 26-1(b)(6)]:** Unless otherwise directed by the Court, pretrial disclosures as set out in F.R.C.P. 26(a)(3) and any objections to them shall be included in the joint pretrial order.

    g. **Court Conferences**: If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

    h. **Extension or Modifications of the Discovery Plan and Scheduling Order**: LR 26-3 governs modifications or extensions of the Discovery Plan and Scheduling Order. Any stipulation or motion to extend a deadline set forth in the discovery plan and scheduling order must be made not later than 21 days before the subject deadline unless good cause exists to request an extension thereafter. Any stipulation or motion to extend the discovery period must be made no later than June 11, 2025, 21 days before the discovery cut-off date unless good cause exists to request an extension thereafter.

    i. **Format of Discovery:** Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at the FRCP 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses.

---

[2] The original deadline would fall on Sunday, August 31, 2025 and the following day is Labor Day; we are extending the date to fall on the next judicial date on the following Tuesday.

3

5. <u>Alternative Dispute Resolution and Settlement [LR 26-1(b)(7)]</u>: The parties certify that they met and conferred about the possibility of using alternative dispute resolution processes, including mediation, arbitration, and if applicable, early neutral evaluation.

6. <u>Alternative Forms of Case Disposition [LR 26-1 (b)(8)]</u>: Not applicable.

7. <u>Electronic Evidence [LR 26-1 (b)(9)]</u>: The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties may present evidence in electronic format to jurors for the purposes of jury deliberations in compliance with the court's electronic jury evidence display system.

8. <u>Review of Local Rule 26-1(b):</u> The parties certify that they have read the text of Local Rule 26-1(b), effective as amended April 17, 2020.

Dated this 4th day of December, 2024

Dated this 4th day of December, 2024

MOSS BERG INJURY LAWYERS

_____/s/ Marcus A. Berg_____
Marcus A. Berg, Esq.
Nevada Bar No. 9670
Boyd B. Moss, III, Esq.
Nevada Bar No. 8856
John C. Funk, Esq.
Nevada Bar No. 9255
5420 W. Sahara Avenue, Suite 101
Las Vegas, Nevada 89146
*Attorney for Plaintiff*

BACKUS | BURDEN

_____/s/ Jack P. Burden_____
Jack P. Burden, Esq.
Nevada State Bar No. 6918
Jacquelyn Franco, Esq.
Nevada Bar No. 13484
3050 South Durango Drive
Las Vegas, NV 89117
Attorneys for Defendant *Albertson's LLC*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 12/5/2024

4