**SPO**
Jack P. Burden, Esq.
Nevada State Bar No. 6918
Jacquelyn Franco, Esq.
Nevada Bar No. 13484
**BACKUS|BURDEN**
3050 South Durango Drive
Las Vegas, NV 89117
(702) 872-5555
(702) 872-5545
jburden@backuslaw.com
jacquelynfranco@backuslaw.com
Attorneys for Defendant,
*Albertson's LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ANNA MARIE AMPEY, | ) | Case No.   2:24-cv-02055-GMN-BNW |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| ALBERTSON'S LLC, a foreign Corporation d/b/a; Albertson's DOES 1 through X; and ROE CORPORATIONS I through X, inclusive, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**IT IS HERBEY ORDERED THAT:**

With regard to materials disclosed in the course of the above-captioned lawsuit ("Lawsuit"), which constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the parties stipulate that the following terms and conditions shall govern:

1. This Order is meant to encompass all forms of disclosures which may contain Confidential Material, including but not necessarily limited to any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript and all other tangible items (electronic media, photographs videocassettes, etc.).

2. The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such material

"Confidential." If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, members of counsel's legal or support staff (e.g., in-house investigators, secretaries, legal assistants, paralegals, law clerks, outside copying services and data processing companies or individuals engaged by a party or its counsel to assist in this litigation), expert witnesses or consultants retained by the parties or their respective counsel and their personnel as necessary, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action, this Court and its personnel, any other tribunal of competent jurisdiction and its personnel, the jury empaneled for this matter, witnesses, deponents, other individuals present during depositions and/or trial in this matter, any mediator or arbitrator selected by the parties to mediate or arbitrate this action and their respective personnel, representatives of the parties, and other individuals agreed to, in writing, by the parties or ordered by this Court. This designation must be made in good faith as this agreement is not intended to be a blanket order of confidentiality for all information disclosed in this case.

3. Any material designated as confidential pursuant to paragraph 2 above shall be used only in connection with the Lawsuit.

4. Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Prior to disclosure of Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto as Exhibit "A") consenting to be bound by the terms of this Order. Persons authorized to examine the Confidential Material include the parties, counsel for the respective parties, members of counsel's legal or support staff (e.g., in-house investigators, secretaries, legal assistants, paralegals, law clerks, outside copying services and data processing companies or individuals engaged by a party or its counsel to assist in this litigation), expert witnesses or consultants retained by the parties or their respective counsel and their personnel as necessary, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action, this Court and its personnel, any other tribunal of

2

competent jurisdiction and its personnel, the jury empaneled for this matter, witnesses, deponents, other individuals present during depositions and/or trial in this matter, any mediator or arbitrator selected by the parties to mediate or arbitrate this action and their respective personnel, representatives of the parties, and other individuals agreed to, in writing, by the parties or ordered by this Court who shall agree that the contents of the Confidential Material shall not be disclosed to any other person or entity and said documents shall not be photocopied or reproduced by any means, except for use in association with this Lawsuit. Both consulting and testifying experts may review the documents in accordance with the terms of this Order.

5. If any party objects to disclosing their record of people to whom they have given or shown Confidential Material, the party objecting to the disclosure may file the appropriate motion with Court.

6. Upon dissemination of any Confidential Material, each non-designation counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

7. If additional persons or entities become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

8. In the event that any question is asked at a deposition that calls for the disclosure of or testimony regarding Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Specific deposition testimony and/or the deposition transcript in its entirety may be designated as confidential on the record at the time of the deposition or the deposition transcript may be designated as confidential subsequently thereto. All such deposition testimony and/or transcripts shall be treated as "Confidential" pursuant to paragraph 2 above. The parties shall

make arrangements with the court reporter not to disclose any such Confidential Material except in accordance with the terms of this Order.

9. If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

10. The parties shall separately confer regarding the use of Confidential Material at trial and at any hearing, and to the extent an agreement cannot be reached, the Court shall intervene. A party seeking to file a confidential document, with any appropriate redactions, under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006 and *Pintos v. Pacific Creditors Association*, 605 F.3d 665, 678 (9th Cir. 2010)). Documents must be filed under seal using the Court's electronic filing procedures. *See* Local Rule IA 10-5. Papers filed with the Court under seal must be accompanied with a concurrently filed motion for leave to file those documents under seal. *See* Local Rule IA 10-5(a).

11. The parties understand that the Court will maintain the Confidential Material it receives pursuant to paragraph 10 above under seal in accordance with the local and governing laws and rules.

12. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested within thirty (30) calendar days from the date of its production. The parties shall meet and confer to attempt to resolve the issue. If the dispute is not resolved after such good faith efforts, the designating party shall submit the matter to the Court for determination within thirty (30) days of the meet and confer. Pending receipt of the Court's determination as to whether the moving party has met its burden of proof in designating the materials at issue as confidential, said materials shall continue to be treated as confidential in accordance with the provisions of this Order and not declassified until

required by the Court upon final operative written order, or as agreed in writing by the party who designated the information as confidential.

13. The unauthorized or inadvertent disclosure of attorney client or other confidential materials, or the inadvertent failure to designate any material "Confidential," shall not constitute waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within a reasonable period of time after discovery of the error. At such time, the designating party shall retroactively designate the material "Confidential" in accordance with this Order. Upon retroactive designation of material as "Confidential," counsel (i) shall not make any further disclosure or communication of such retroactively designated material except as provided for in this order, and (ii) shall take reasonable steps to notify all persons known to have possession of any retroactively designated material of the effect of such retroactive designation under this Order. Any party who made an unauthorized or inadvertent disclosure of confidential materials shall take reasonable steps to notify all persons known to have possession of such materials and arrange for their prompt return and/or destruction consistent with this Order.

14. This Order shall be without prejudice to the right of any party to challenge the propriety of discovery and/or production of materials on any grounds including, but not limited to, relevance, privilege, and materiality.

15. This Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this Lawsuit any of the documents subject to this Confidentiality Agreement and nothing contained herein shall be construed as a waiver of any objection to its admissibility into evidence.

16. None of the restrictions set forth in this Confidentiality Agreement shall apply to any documents or other information that become public knowledge by means not in violation of the provisions of this Stipulation and Order for Confidentiality and Protection.

17. The parties or counsel for the respective parties may modify the terms of this of this Stipulation and Order for Confidentiality and Protection. However, no modification by the parties shall have the force or effect of a court order unless the Court approves the modification. Alternatively, any party or counsel for the respective party may seek an order of this Court to

5

modify the terms of this Stipulation and Order for Confidentiality and Protection. Any motion seeking such modification must be served upon all counsel of record and filed in accordance with this Court's filing procedures.

18. When any counsel of record in this Lawsuit or any attorney who has executed the Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report the violation of this Order to the Court and all counsel of record.

19. Within thirty (30) days after the termination of this Lawsuit by settlement, verdict, judgment, nonsuit, dismissal or otherwise, all Confidential Material shall be returned to counsel for the designating party or destroyed except as to records regularly maintained by counsel in the ordinary course of business; which records will continue to be maintained as Confidential Documents in conformity with this Order.

. . .
. . .
. . .
. . .
. . .
. . .        REMAINDER OF THIS PAGE
. . .        INTENTIONALLY LEFT BLANK
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

20. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to the Confidential Material produced pursuant to this Order for the sole purpose of enforcement of its provisions.

DATED:    May 23    , 2025

Respectfully Submitted,
**BACKUS | BURDEN**

By:    /s/ Jack Burden   
Jack P. Burden, Esq.
Jacquelyn Franco, Esq.
3050 South Durango Drive
Las Vegas, NV 89117
Attorneys for Defendant *Albertson's LLC*

**IT IS SO STIPULATED** and agreed as to the terms and conditions of this Protective Order.

  /s/    John Funk   
Marcus A. Berg, Esq.
John C. Funk, ESQ.
**MOSS BERG INJURY LAWYERS**
5420 West Sahara Avenue #101
Las Vegas, Nevada 89146
*Attorneys for Plaintiff*

  /s/    Jack Burden   
Jack P. Burden, Esq.
Jacquelyn Franco, Esq.
**BACKUS | BURDEN**
3050 South Durango Drive
Las Vegas, NV 89117
*Attorneys for Defendant
Albertsons LLC*

**IT IS SO ORDERED.**

DATED: 5/27/2025

_____
United States Magistrate Judge

# STIPULATED PROTECTIVE ORDER

## CASE NO. 2:24-cv-02055-GMN-BNW

# NON-DISCLOSURE AGREEMENT

I, _____ (Print Name), being of full age, certify that I have read the Stipulated Protective Order entered in the case entitled, *Anna Ampey v. Albertson's LLC*, having Case No. 2:24-cv-02055-GMN-BNW, filed in the Eighth Judicial District Court in and for Clark County, Nevada, currently sitting in the United States District Court for the District of Nevada, and agree to be bound by its terms; to maintain that information designated as "Confidential and Proprietary" in confidence; not to use or disclose information designated as "Confidential and Proprietary" to anyone other than counsel for the parties involved in the action, parties involved in the action or any other expert or consultant that has also executed the Non-Disclosure Agreement; and not to use any documents or information protected by the Stipulated Protective Order except in connection with this case, provided that nothing shall prevent disclosure beyond the terms of this Order if the party claiming confidentiality consents in writing prior to disclosure.

I understand that any documents provided to me must be returned to counsel for Defendant or destroyed, within thirty (30) days of the conclusion of the above-captioned litigation pursuant to the terms of Paragraph 9 of the Stipulated Protective Order.

To effectuate my compliance with this Order, I further submit myself to the personal and subject matter jurisdiction of the United States District Court in and for the District of Nevada, in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Signature

_____
Print Name

8

**CERTIFICATE OF SERVICE**

I am a resident of and employed in Clark County, Nevada. I am over the age of 18 years and not a party to the within action. My business address is: 3050 South Durango Drive, Las Vegas, Nevada, 89117.

On _____, 2025, I served this document on the parties listed on the attached service list via one or more of the methods of service described below as indicated next to the name of the served individual or entity by a checked box:

**VIA U.S. MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada. I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

**VIA FACSIMILE:** by transmitting to a facsimile machine maintained by the attorney or the party who has filed a written consent for such manner of service.

**BY PERSONAL SERVICE:** by personally hand-delivering or causing to be hand delivered by such designated individual whose particular duties include delivery of such on behalf of the firm, addressed to the individual(s) listed, signed by such individual or his/her representative accepting on his/her behalf. A receipt of copy signed and dated by such an individual confirming delivery of the document will be maintained with the document and is attached.

**BY E-MAIL:** by transmitting a copy of the document in the format to be used for attachments to the electronic-mail address designated by the attorney or the party who has filed a written consent for such manner of service.

**BY ELECTRONIC MEANS:** by electronically filing and serving with the court's vendor.

| ATTORNEYS OF RECORD | PARTIES REPRESENTED | METHOD OF SERVICE |
|---|---|---|
| MARCUS A. BERG, ESQ.<br>Nevada Bar No. 9760<br>marcus@mossbergIv.com<br>JOHN C. FUNK, ESQ.<br>Nevada Bar No. 9255<br>john@mossberglv.com<br>MOSS BERG INJURY LAWYERS<br>5420 West Sahara Avenue #101<br>Las Vegas, Nevada 89146<br>T: (702) 222-4555 - F: (702) 222-4556 | Plaintiff | ☐ Personal service<br>☐ Email service<br>☐ Fax service<br>☐ Mail service<br>☒ Electronic Means |

I declare that under penalty of perjury under the laws of the State of Nevada that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/
An employee of BACKUS | BURDEN

9